# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DONNA BEAVER, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:13-cv-269-JEM |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
|     Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on a Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 29], filed by Plaintiff on December 18, 2014, and a Plaintiff's Reply to the Commissioner's Response to Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 32], filed by Plaintiff on January 13, 2015. For the following reasons, the Court grants the instant Motions.

## PROCEDURAL BACKGROUND

On August 2, 2013, Plaintiff filed a Complaint with this Court seeking review of the Commissioner's decision denying her claim for disability insurance and supplemental security income benefits. On January 2, 2014, Plaintiff filed an opening brief outlining her arguments for remand, including arguments that the ALJ did not adequately explain whether Plaintiff met listing 14.02 for lupus, that the ALJ improperly evaluated opinions and evidence in the record, and that the ALJ improperly characterized Plaintiff's past work.

On September 26, 2014, the Court issued an Opinion and Order remanding this matter for further proceedings and judgment thereon was entered. The Court granted remand, ordering the ALJ to make complete and supported finding as to whether Plaintiff met the listing for lupus, ordering the ALJ to draw a logical bridge between the medical evidence of Plaintiff's alleged impairments

and the conclusion without making independent medical determinations, and ordering the ALJ to account for Plaintiff's mental limitation in the residual functional capacity ("RFC") or explain why they do not warrant additional accommodations. Under Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure, the parties had 60 days in which to file an appeal. Neither party filed an appeal.

On December 18, 2014, Plaintiff filed the instant Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA"). The Commissioner filed a response on December 31, 2014, and on January 13, 2015, Plaintiff filed a reply along with the supplemental motion for fees incurred in drafting the reply.

**ANALYSIS**

The Equal Access to Justice Act provides that a court shall award attorney fees to a "prevailing party" in a civil action against the United States that is submitted within thirty days of final judgment "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1); *see United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)). Pursuant to 28 U.S.C. § 2412(d)(1)(B), a fee application must be filed within thirty days of a court's final judgment and must satisfy the following requirements: (1) a showing that the applicant is a "prevailing party;" (2) a showing that the applicant is "eligible to receive an award;" (3) a showing of "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed;" and (4) an "alleg[ation] that the position of the [Commissioner] was not substantially justified." 28 U.S.C. § 2412(d)(1)(B); *see also Scarborough v. Principi*, 541 U.S. 401, 405 (2004) ; *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000).

In this case, the parties agree that the only relevant factor for the awarding of attorney fees is whether the Commissioner's position was substantially justified. The Commissioner argues that the EAJA motion should be denied because the issues necessitating remand were not so pervasive as to render the Commissioner's overall position unreasonable. Plaintiff argues that the Commissioner's position was not substantially justified.

The standard of "substantially justified" is satisfied if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Seventh Circuit has set forth a three-part standard for reviewing EAJA petitions. *Hallmark*, 200 F.3d at 1080. "It requires the government to show that its position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Government bears the burden of proof that both the ALJ's decision and the Commissioner's defense of it were substantially justified. *Stewart v. Astrue*, 561 F.3d 679, 686 (7th Cir. 2009). A position taken by the Commissioner is substantially justified if "a reasonable person could conclude that the ALJ's opinion and the Commissioner's defense of the opinion had a rational basis in fact and law." *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir.2011). The Commissioner may also lack substantial justification where the ALJ's decision contravenes clear and established judicial precedent or violates agency regulations. *See Stewart*, 561 F.3d at 684. "While the parties' postures on individual matters may be more or less justified, the EAJA - like other fee-shifting statutes - favors treating a case as an inclusive whole, rather than as atomized line items." *Commissioner, INS v. Jean*, 496 U.S. 154, 161 (1990)

The Commissioner argues that although the case was remanded, the Court's remand was largely based on articulation errors and the Court did not remand for several of the Plaintiff's other arguments. Ultimately, the Court remanded the case because the ALJ did not fully articulate his analysis of the listing, the ALJ made independent medical determinations, and the ALJ did not incorporate, or explain why he did not, Plaintiff's acknowledged mental limitations.

To a certain extent, the Court did remand due to some failures in articulation, which included the ALJ's listing analysis and failure to include mental limitations in the RFC. While articulation errors alone are not necessarily sufficient to warrant attorney fees, the Seventh Circuit has made it clear that there is no *per se* rule that errors in articulation preclude attorney fees. *Conrad v. Barnhart*, 434 F.3d 987, 991 (7th Cir. 2006). *See also Bassett*, 641 F.3d at 860 ("[I]t typically takes something more egregious than just a run-of-the-mill error in articulation to make the [C]ommissioner's position unjustified."). However, this case was not remanded solely for errors in articulation. As explained in the Court's original decision, the Court of Appeals for the Seventh Circuit has repeatedly held that ALJs are not permitted to make their own medical findings, an error the ALJ made in this case. The ALJ's action goes against clear and established judicial precedent. Even though Plaintiff did not succeed in all of her agreements, the Commissioner was not substantially justified in her litigation of the ALJ's opinion. *See Bailey v. Barnhart*, 473 F. Supp. 2d 842, 846 (N.D. Ill. 2006) ("[W]e agree with other courts that have rejected the notion that a plaintiff must prevail on all, or even a majority, of her arguments in order to be awarded fees under the EAJA.").

## CONCLUSION

For the foregoing, the Court hereby **GRANTS** the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 29] and supplemental fee request in the Plaintiff's Reply

4

to the Commissioner's Response to Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 32] and **ORDERS** that Plaintiff is awarded attorney fees in the total amount of $12,334.16 in fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. The award shall fully and completely satisfy any and all claims for fees, costs, and/or expenses that may have been payable to Plaintiff in this matter pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

Any fees paid belong to Plaintiff and not her attorney and can be offset to satisfy a pre-existing debt that Plaintiff owes the United States. *Astrue v. Ratliff*, 560 U.S. 586 (2010). If the Commissioner can verify that Plaintiff does not owe any pre-existing debt subject to the offset, the Commissioner will direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff and her attorney.

SO ORDERED this 15th day of June, 2015.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record